## Commonwealth v. Charles

*Timothy Morris, assistant district attorney,* for the commonwealth.
*Clifford D. Schenkemeyer Jr.,* for defendant.

SNYDER, *P.J.,* April 17, 1990 — This case is before the court on defendant's appeal from a summary criminal conviction for violating section 3345 of the Motor Vehicle Code.

## FACTS

On January 3, 1989, at approximately 4:00 p.m. in the village of Hamilton, defendant is alleged to have passed a school bus while the flashing lights and side stop signal arm were activated. The operator of the school bus allegedly obtained the registration plate of the automobile which passed the bus from a passenger on the bus. The bus operator then presented a written report of the incident to the Punxsutawney barracks of the Pennsylvania State Police within 48 hours. Subsequently, on January 17, 1989, Trooper Thomas Chelgren filed a citation with District Justice Guy Lester. Trooper Chelgren did not file the bus operator's report of the incident with the citation.

## ISSUE

Does section 3345(a.1) of the Motor Vehicle Code require a police officer to file a school bus operator report with a copy of the citation where the officer first learned of the alleged violation from the report?

## DISCUSSION

The relevant portions of the statute at issue are as follows:

"(a) *Duty of approaching driver when red signals are flashing* — Except as provided in subsection (g), the driver of a vehicle meeting or overtaking any school bus stopped on the highway shall stop at least 10 feet before reaching the school bus when the red signal lights on the school bus are flashing

and the side stop signal arms are activated under section 4552(b.1) (relating to general requirements for school buses). The driver shall not proceed until the flashing red signal lights are no longer actuated. In no event shall a driver of a vehicle resume motion of the vehicle until the school children who may have alighted from the school bus have reached a place of safety.

"(a.1) *Reports by school bus operators* —

"(1) The operator of a school bus who observes a violation of subsection (a) may prepare a signed, written report which indicates that a violation has occurred. To the extent possible, the report shall include the following information:

"(i) Information, if any, pertaining to the identity of the alleged violator.

"(ii) The license number and color of the vehicle involved in the violation.

"(iii) The time and approximate location at which the violation occurred.

"(iv) Identification of the vehicle as an automobile, station wagon, motor truck, motor bus, motorcycle or other type of vehicle.

"(2) Within 48 hours after the violation occurs, the school bus operator shall deliver a copy of the report to a police officer having authority to exercise police power in the area where the violation occurred. If the police officer believes that the report establishes a sufficient basis for the issuance of a citation, the officer shall file a citation and the report with the issuing authority. If the issuing authority determines that the report and citation establish a sufficient basis for the issuance of a summons, a summons shall be issued in accordance with general rules governing the institution of proceedings in summary traffic offense cases. The issuing au-

thority shall send the defendant a copy of the citation, together with a statement that it was filed by the police officer named in the citation on the basis of information received.

"(3) A person may institute a proceeding pursuant to this subsection or in accordance with any means authorized by the Rules of Criminal Procedure."

Defendant argues that since Trooper Chelgren failed to file the bus driver's report with the citation as mandated by the statute the citation should be dismissed.

The commonwealth asserts: (1) that a violation of section 3345(a) is not the same as a violation of section 3345(a.1) and, therefore, section 3345(a) is the proper section for filing whenever the basis for the citation is evidence other than a written report by a school bus driver; and (2) the statute permits the police officer to analyze the bus driver's written report and make a discretionary call as to whether or not to use the report as a basis for the issuance of a citation. We disagree.

The commonwealth's position that section 3345(a) and section 3345(a.1) are separate violations is untenable. It is clear that only section 3345(a) establishes the violation of law for meeting or overtaking a school bus. Section 3345(a.1) is not a separate violation. Section 3345(a.1) merely establishes the required procedure which must be followed when a police officer learns of the violation via a report by a school bus operator.

With respect to the commonwealth's assertion that the statute permits the police officer to make a discretionary call whether or not to use the bus operator report as the basis for the issuance of a citation, we are of the opinion that when the process is initiated by the report of a school bus operator

such report must be filed with the citation since section 3345(a.1) indicates that the report shall be filed with the citation. There is no indication within the plain meaning of the statute that the police officer is given the discretion to decide whether or not to file the report with the citation. We believe that had that been the intention of the legislature they would not have included section 3345(a.1) within the statute.

In further support of our interpretation we note that section 3345(a.1)(3) indicates, "A person may institute a proceeding pursuant to this subsection or in accordance with any means authorized by the Rules of Criminal Procedure." (emphasis supplied) We believe that the inclusion of the word "person," rather than "school bus operator," indicates further that the legislature intended that whenever a police officer learns of an alleged violation of section 3345(a) through the report of a school bus operator the report must be filed with the citation. Any other person can institute a proceeding for violation of section 3345(a) in accordance with the Rules of Criminal Procedure.

## ORDER

And now, April 17, 1990, the citation issued upon defendant, Richard Charles, is dismissed for failure to comply with section 3345(a.1) of the Vehicle Code.